**\*\* E-filed February 6, 2012 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION;<br><br>   Plaintiff,<br><br>   v.<br><br>MARISOL ESPINOZA; et al,<br><br>   Defendants. | No. C12-00519 HRL<br><br>**ORDER THAT CASE BE REASSIGNED TO A DISTRICT COURT JUDGE**<br><br>**REPORT AND RECOMMENDATION**<br><br>**[Re: Docket No. 1]** |

## INTRODUCTION

On February 1, 2012, third-party claimant Martha Rios, proceeding pro se, removed this case from Santa Clara County Superior Court. Docket No. 1 ("Notice of Removal"). For the reasons stated below, the undersigned recommends that this action be summarily remanded to state court.

## DISCUSSION

Plaintiff Federal National Mortgage Association ("FNMA") filed this unlawful detainer action against Marisol Espinoza and ten Doe Defendants on October 19, 2011 in Santa Clara County Superior Court. Notice of Removal, Ex. A ("Complaint"). According to the complaint, FNMA acquired the subject property through a foreclosure trustee's sale on August 23, 2011, in accordance with California Civil Code section 2924. Id. at ¶ 7. On September 28, FNMA served the defendants with a three-day Notice to Quit. Id. at ¶ 10. Defendants did not respond to the Notice, nor did they vacate the property. Id. at ¶ 11.

Removal to federal court is proper where the federal court would have original subject matter jurisdiction over the complaint. 28 U.S.C. § 1441. Removal jurisdiction can be based on diversity of citizenship or on the existence of a federal question. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). If, after a court's prompt review of a notice of removal, "it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4) (emphasis added). These removal statutes are strictly construed against removal and place the burden on the defendant to demonstrate that removal was proper. Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)).

Here, Rios asserts that removal is proper based on federal question jurisdiction. See Notice of Removal ¶ 5. Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal cause of action. Vaden v. Discovery Bank, 129 S. Ct. 1262, 1272 (2009). Alternatively, the complaint may establish that the plaintiff's right to relief "necessarily depends on resolution of a substantial question of federal law." Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement, 524 F.3d 1090, 1100 (9th Cir. 2008) (quoting Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27–28 (1983). Defenses and counterclaims asserting a federal question do not satisfy this requirement. Discovery Bank, 129 S. Ct. at 1272.

Rios asserts that FNMA "actually filed a [f]ederal [q]uestion action in state court." Notice of Removal ¶ 5. However, FNMA's complaint alleges only a state law claim for unlawful detainer; it does not allege any federal claims whatsoever. See Complaint. Moreover, resolving FNMA's unlawful detainer claim does not depend on resolution of any substantial issues of federal law. Accordingly, Rios has failed to show that this action arises under federal law.

Neither is there diversity jurisdiction over this action. Federal subject-matter jurisdiction based on diversity requires complete diversity of citizenship and an amount in controversy in excess of $75,000. 28 U.S.C. § 1332(a). In this matter, the plaintiff's complaint expressly states that the amount in controversy is less than $10,000. Complaint p.1. Moreover, the defendants and Rios are

California residents, and typically may not remove an action based on diversity to federal court in the forum where they reside.[1] See Complaint ¶ 1. Therefore, there is no basis for this court to exercise jurisdiction based either upon a federal question or diversity.

Finally, the court notes that Rios may not even be a party to this action. She states in the Notice of Removal that she filed the documents necessary intervene in the state court action, but has provided no evidence that would allow this court to conclude that she is capable of removing this action without the participation or joinder of the named defendant, Marisol Espinoza. See Notice of Removal ¶ 3. 28 U.S.C. § 1441 permits the defendant to remove an action to federal court. However, because this court concludes that there is no basis for it to exercise jurisdiction based either upon a federal question or diversity, it declines to analyze whether Rios is a defendant who may properly remove this action.

**CONCLUSION**

Because the parties have yet to consent to the undersigned's jurisdiction, this court ORDERS the Clerk of the Court to reassign this case to a District Court judge. The undersigned further RECOMMENDS that the newly assigned judge summarily remand the case to Santa Clara County Superior Court. Pursuant to Federal Rule of Civil Procedure 72(b), any party may serve and file objections to this Report and Recommendation within fourteen days after being served.

**IT IS SO ORDERED.**

Dated: February 6, 2012

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[1] Additionally, the "forum defendant rule" ordinarily imposes a limitation on actions removed pursuant to diversity jurisdiction: "such action[s] shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b); see Spencer v. U.S. Dist. Ct. for the Northern Dist. of Cal., 393 F.3d 867, 870 (9th Cir. 2004). However, the Ninth Circuit has held this rule to be procedural and a waivable defect in the removal process, and a court acting sua sponte may not base its decision to remand solely upon such a defect. Lively v. Wild Oats Markets, Inc., 456 F.3d 933, 935-36 (9th Cir. 2006).

**C12-00519 HRL** N**otice will be electronically mailed to:**

Melissa Sgroi            msgroi@mclaw.org
Mark R. Townsend
Nancy E. Powell

**Notice will be mailed to:**

Marisol Espinoza
1556 Leeward Drive
San Jose, CA 95113

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**